**Louis GORENC, Plaintiff–Appellant,**

v.

**CITY OF WESTLAND, et al., Defendants–Appellees.**

No. 02–2456.

United States Court of Appeals, Sixth Circuit.

July 31, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

## ORDER

Louis Gorenc appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gorenc filed his complaint in the district court alleging that, while driving his car, he was stopped by the defendant City of Westland police officer Mark Cholak and was issued a speeding citation without probable cause based on an unreliable laser speed-measuring device. Gorenc named as defendants, in addition to officer Cholak, the City of Westland, its chief of police, its mayor, and members of its city council. Gorenc sought class action certification, injunctive relief barring the City of Westland from basing speeding citations on untested and uncalibrated laser devices, and in excess of $50,000 damages.

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

After defendants filed an answer, Gorenc moved the district court to stay the pending state court traffic proceeding. The magistrate judge denied the motion for a stay, and issued a report and recommendation that Gorenc be denied class certification and that Gorenc's complaint be dismissed with prejudice pursuant to the *Rooker–Feldman* doctrine. Over Gorenc's objections, the district court affirmed the magistrate judge's denial of a stay, and adopted the magistrate judge's recommendation and dismissed the complaint. Gorenc filed a timely notice of appeal.

On appeal, Gorenc contends that the district court erred in dismissing his complaint with prejudice based on the *Rooker–Feldman* doctrine. Defendants respond that the district court properly dismissed Gorenc's complaint on abstention principles, and that the dismissal was appropriate as well because an adjudication of Gorenc's claim necessarily would imply the invalidity of the state traffic citation. Upon de novo review, *see Traughber v. Beauchane*, 760 F.2d 673, 676 (6th Cir. 1985), we will affirm the district court's judgment for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985).

■ The district court dismissed this case under the abstention doctrine enunciated in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine provides that a district court lacks jurisdiction to determine the validity of state court judgments. *See Feldman*, 460 U.S. at 486, 103 S.Ct. 1303. Here, there is no final state court judgment. Rather, state court proceedings were pending when plaintiff filed his complaint, and those proceedings apparently have been stayed by the state court pending a disposition in this case. Because there is no final decision, the *Rooker–Feldman* doctrine does not deprive the district court of jurisdiction to hear the case.

■ While the *Rooker–Feldman* doctrine does not bar review of plaintiff's civil rights action, abstention is nonetheless appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id.* at 17. Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir.1996). Here, *Younger* abstention is appropriate.

*Younger* abstention in this case would prevent further interference with the state traffic proceedings pending in state court. There are ongoing, albeit apparently stayed, state judicial proceedings. These proceedings implicate the important state and local interest of the enforcement of traffic laws. *See Mackey v. Montrym*, 443 U.S. 1, 17, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *Aiona v. Judiciary of Hawaii*, 17 F.3d 1244, 1249 n. 7 (9th Cir.1994); *Ronwin v. Dunham*, 818 F.2d 675, 677–78 (8th Cir.1987). Finally, plaintiff does not contend that he cannot assert his challenge to the laser speed device in the context of

those proceedings. Abstention is therefore appropriate in the absence of one of three exceptions to the *Younger* abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims,* 442 U.S. 415, 424, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (quoting *Huffman,* 420 U.S. at 611, 95 S.Ct. 1200); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant,* 421 U.S. 117, 125, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong,* 802 F.2d 199, 205 (6th Cir.1986). Here, nothing in the record reflects that any of the exceptions apply.

■ Finally, defendants correctly assert that plaintiff's civil rights claims are barred because an adjudication of Gorenc's claim necessarily would imply the invalidity of the state traffic citation. In general, a claim is not cognizable under § 1983 if a ruling on the claim would necessarily imply the invalidity of a criminal conviction until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995). Moreover, "the concerns of *Heck* apply pre-conviction as well as post-conviction." *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398 (6th Cir.1999). Thus, "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir.1999). Plaintiff's claim is therefore not cognizable under § 1983 until the state traffic proceedings are resolved in his favor.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C). Rules of the Sixth Circuit.