**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE SZYMANSKI,

    Plaintiff-Appellant,

v.

WILLIAM E. BUFALINO;
BUFALINO PALAZZOLA, Law
Offices of Bufalino & Palazzola, in
their civil and official capacity,
Clinton Township, Michigan; KAREN
FORT HOOD, Court Recorder,
Detroit, Michigan; JOHN
STURTRIDGE, Assistant Prosecuting
Attorney, Detroit, Michigan; CITY OF
DETROIT, City County Bldg., Detroit,
Michigan; EMPLOYEES OF WAYNE
COUNTY CITY BUILDING, Detroit,
Michigan,

    Defendants-Appellees.

No. 00-3008

(D.C. No. 98-CV-3207)

(D.Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Eugene Szymanski, a federal inmate appearing pro se, appeals the district court's dismissal of his complaint seeking damages and injunctive relief pursuant to 42 U.S.C. §§ 1983 and 1985 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

According to the complaint and amended complaint, Szymanski was charged in Michigan state district court in 1995 with a variety of criminal offenses, including carrying a concealed weapon. Although Szymanski was apparently acquitted on several of the charges, he was convicted of carrying a concealed weapon. In June 1998, Szymanski filed this civil action against the defense attorney who represented him during the pretrial proceedings in the Michigan criminal case, the defense attorney's law firm, the trial judge who presided over the Michigan criminal case, the prosecuting attorney in the criminal case, and the city (Detroit) and county (Wayne County) where the criminal case was tried. Szymanski broadly alleged that the defendants conspired to deprive him of due process and the right to present a defense during the criminal

2

proceedings. The district court dismissed Szymanski's complaint without prejudice under Heck v. Humphrey, 512 U.S. 477 (1994). We review the district court's ruling de novo. See Beck v. Muskogee Police Dept., 195 F.3d 553, 556 (10th Cir. 1999).

In Heck, the Supreme Court addressed when a prisoner may bring a civil action relating to his conviction or sentence. The Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . . Thus, . . . [a] district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted).

Here, the district court concluded, and we agree, that a judgment in favor of Szymanski on his civil claims would necessarily imply the invalidity of his Michigan state conviction for carrying a concealed weapon. We further agree that Szymanski has failed to demonstrate that his Michigan state conviction has been invalidated. Accordingly, we affirm the district court's order dismissing Szymanski's claims without prejudice.

3

The judgment of the district court is AFFIRMED. As directed by the district court on January 20, 2000, Zaymanski shall continue making the partial payments until the filing fees are paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge