**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICK PETER BECK,

      Plaintiff-Appellant,

v.

CITY OF MUSKOGEE POLICE
DEPARTMENT; COUNTY OF
MUSKOGEE SHERIFF'S OFFICE;
MUSKOGEE OFFICE OF THE
DISTRICT ATTORNEY,

      Defendants-Appellees.

No. 00-7082
(D.C. No. 98-CV-327-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **HENRY, BRISCOE,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Rick Peter Beck brought this action asserting federal civil rights claims under 42 U.S.C. § 1983 and various state law claims surrounding his arrest and eventually dismissed prosecution on a rape charge. The district court determined that Beck's claims were either premature or barred by the statute of limitations, and it dismissed the action under Fed. R. Civ. P. 12(b)(6). On appeal, this court affirmed in part, reversed in part, and remanded three of Beck's claims to the district court for further proceedings. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553 (10th Cir. 1999). On remand, the district court granted defendants' motions for summary judgment, and Beck again appeals. Reviewing the district court's grant of summary judgment de novo, *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1213 (10th Cir.1998), we affirm.

The three claims we remanded to the district court were § 1983 claims for malicious prosecution, *Brady* [1] violations, and due process violations relating to the alleged conversion of Beck's vehicle. The district court rejected the malicious prosecution claim because Beck failed to meet his burden of proving the lack of probable cause to bring the rape charge against him. The court rejected the *Brady* claim because there was no undisclosed exculpatory evidence, and even if there had been, Beck was not prejudiced by its nondisclosure, since the charge against him was dismissed. The court rejected the due process claim

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

-2-

because there was no evidence that defendants were involved in the private towing service's sale, and eventual return to Beck, of his vehicle. Alternatively, the court held that there was no basis for municipal liability on the part of the City of Muskogee.

On appeal, Beck challenges the court's dismissal of all three claims. We have reviewed the record and considered his arguments, and we conclude he has not demonstrated that the district court erred. Therefore, for substantially the reasons as the district court stated in its July 13, 2000 order, we affirm the district court's grant of summary judgment in defendants' favor and dismissal of the action.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith. We remind Beck that the district court granted his motion to proceed in forma pauperis on appeal, payable in partial payments, and that this obligation continues until the entire fee is paid.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-