**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEJANDRO ART SANCHEZ,

      Plaintiff - Appellant,

vs.

R.C. DANIELS; LARRY DAMRON;
WILLIAM RON PUTMAN; MIKE
BURGESS; TERESA MULICAN; J.M.
KELLY; VERN WILSON; JASON
HUSTED,

      Defendants - Appellees.

No. 05-6337
(D.C. No. CIV-04-1040-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

      Plaintiff-Appellant Alejandro Art Sanchez, a state prisoner appearing pro

se, appeals the dismissal of his action under 42 U.S.C. § 1983. According to Mr.

Sanchez, his rights under the Fourth and Fourteenth Amendments were violated

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

by Oklahoma law enforcement officers during the course of a traffic stop. The district court dismissed the action as time-barred by the applicable two-year statute of limitations. The district court held, on alternative grounds, that Mr. Sanchez' claim was also barred by the rule enunciated in Heck v. Humphrey, 512 U.S. 477 (1994). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

**Background**

Mr. Sanchez was a passenger in a vehicle stopped by Oklahoma State Troopers Vern Wilson and Chance Husted on June 20, 2002. In the course of the stop, Trooper Wilson determined that Mr. Sanchez was wanted on an outstanding federal warrant, and he arrested Mr. Sanchez. Upon the officers' request, the driver granted his consent to search the vehicle. The officers discovered five bundles of what was later determined to be methamphetamine. Agents Daniels and Damron, both of the District II Multi-Jurisdictional Drug Task Force in Elk City, Oklahoma, arrived at the scene sometime later and participated in the questioning of Mr. Sanchez and the others. Mr. Sanchez pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to ten years imprisonment.

On August 19, 2004, Mr. Sanchez filed this § 1983 action seeking damages for violations of his civil rights. The magistrate judge's report and recommendation concluded that his racial profiling claim was time-barred and

recommended that the motions to dismiss on those grounds be granted. The magistrate determined that the statute of limitations had not expired with regard to Mr. Sanchez's other claims. The magistrate also recommended that Mr. Sanchez's motion for entry of a default against Officer Wilson and Husted be denied.[1] As noted above, the district court dismissed all of Mr. Sanchez' claims as barred by limitations. The district court also denied Mr. Sanchez's motions to alter or amend, which sought relief from the judgment of dismissal and to file an amended complaint.

Mr. Sanchez contended that the search and seizure was violative of the Fourth Amendment on the following grounds: (1) he was subjected to racial profiling by Troopers Wilson and Husted; (2) Officers Daniel and Damron were acting outside the scope of their jurisdiction; and (3) the Chief of Police and the Mayor of Elk City, acting in concert with the Custer County Sheriff and a Custer County Commissioner, conspired to violate his constitutional rights by permitting Elk City law enforcement officers to perform arrests outside the city's jurisdictional limits. On appeal, he challenges the district court's decisions that the action was barred by limitations and by Heck. He maintains that he should have been allowed to amend his complaint to overcome Heck by alleging that the drug evidence against him would have been admissible, regardless of any constitutional violation. Finally, he contends that the district court's judgment

---

[1]Mr. Sanchez has not raised this issue before us on appeal.

was wrong because he was denied the opportunity for discovery and was not appointed counsel.

## Discussion

We review a district court's dismissal for failure to state a claim de novo. See Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005); see also Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii). We accept all of the plaintiff's well-pleaded facts as true and in the light most favorable to the nonmoving party. Yanaki, 415 F.3d at 1207. Lastly, such a motion should not be granted unless no set of facts exist from which the plaintiff would be entitled to relief. Id.

It is well settled that § 1983 claims are properly characterized as personal injury actions for purposes of determining the relevant limitation period. See Owens v. Okure, 488 U.S. 235, 239-41 (1989); Meade v. Grubbs, 841 F.2d 1512, 1522-23 (10th Cir. 1988). We look to the relevant state statute of limitations applicable to such actions. Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005). Accordingly, Oklahoma's two-year statute of limitations, found in Okla. Stat. Ann. tit. 12, § 95(3), applies to these claims. Id.

Upon thorough review of the record, we conclude that all of Mr. Sanchez's claims against all of the defendants involve allegations of conduct occurring on June 20, 2002, more than two years prior to the filing of the complaint. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) (holding

- 4 -

that a plaintiff's claim that the police acted outside their jurisdiction accrued at the time of the incident). Mr. Sanchez's argument that he only learned of the factual background supporting the claims from a fellow inmate months later is unavailing. See Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) (holding that the "continuing violation" exception is inapplicable in the absence of governmental action subsequent to the initial interaction). Accordingly, as Mr. Sanchez failed to file his complaint until August 19, 2004, his claims are barred by the two year statute of limitations. Price, 420 F.3d at 1162 (10th Cir. 2005).

As we uphold the district court's dismissal of the complaint on limitation grounds, we decline to address its additional and alternative ground that Mr. Sanchez's claim is barred under Heck. As such, we find no error based on the district court's denial of leave to amend, not allowing discovery or non-appointment of counsel.

AFFIRMED. Mr. Sanchez remains obligated to continue making partial payments of the filing fee until it is paid in full.

> Entered for the Court
>
>
> Paul J. Kelly, Jr.
> Circuit Judge