FILED
United States Court of Appeals
Tenth Circuit

October 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

JAMES A. PEARSON,

        Plaintiff - Appellant,

v.

SCOTT WEISCHEDEL, Wyoming Division
of Criminal Investigation Officer, in his
official capacity; JACK KILLEY, Wyoming
Division of Criminal Investigation Officer, in
his official capacity; STACIA FRANCISCO,
Casper Police Department Officer, in her
official capacity; JOSH OSTER, Wyoming
Department of Corrections Board of Probation
and Parole Officer, in his official capacity;
TIM HILL, Wyoming Division of Criminal
Investigation Officer, in his official capacity,

        Defendants - Appellees.

No. 09-8058
(D. Ct. No. 2:09-CV-00084-CAB)
(D. Wyo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

_____

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

_____

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case is therefore ordered submitted without oral argument.

Plaintiff-appellant James A. Pearson, proceeding pro se, appeals the dismissal of his claims brought pursuant to 42 U.S.C. § 1983. The district court dismissed Mr. Pearson's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). We take jurisdiction under 28 U.S.C. § 1291, and because we find some of Mr. Pearson's claims to be cognizable, we AFFIRM in part and REVERSE in part.

## I. BACKGROUND

Mr. Pearson's § 1983 claims arise from the execution of a search warrant at his home in September 2006. Because this case comes to us after being dismissed under Fed. R. Civ. P. 12(b)(6) and we must take all Mr. Pearson's factual allegations as true, we will take the facts as Mr. Pearson states them in his initial complaint.

Generally, Mr. Pearson's complaint alleges that in the course of executing the search warrant at his home, Casper, Wyoming police officers unlawfully forced him to take narcotic pain medication which compelled him, in an altered state, to reveal the location of evidence on which his conviction was based. Mr. Pearson claims this conduct violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Specifically, Mr. Pearson's complaint states that during the search of his home, officers initially discovered two packages containing a combined total of 7.6 grams of methamphetamine. After this initial discovery, Mr. Pearson claims he complained to the officers that he was experiencing pain due to a recent surgery. In response to his complaints, Mr. Pearson

alleges the officers ordered him to take two tablets of oxycontin, a strong narcotic pain medicine. While Mr. Pearson's complaint does not allege that he resisted compliance with the officers' orders, it does state that two officers had guns drawn toward him at the time they ordered him to take the oxycontin.

Mr. Pearson's complaint further states that prior to taking the oxycontin at the direction of the officers he: (1) took three other pain medications thirty minutes before the officers arrived at his home; (2) drank alcohol; and (3) had been using methamphetamine for the previous forty-eight hours. After taking the oxycontin at the direction of the officers, Mr. Pearson claims he became nauseated, sweated profusely, and felt that he was on the brink of a drug overdose. Mr. Pearson's complaint further alleges that officers began interrogating him shortly after forcing him to ingest the oxycontin and that he was so intoxicated he cannot remember with clarity the substance of the interrogation or what the officers did during the search. Despite his alleged inability to recall the events of the search with clarity, Mr. Pearson does claim to recall that after he ingested the oxycontin the officers compelled him to reveal the location of an additional twenty-one grams of methamphetamine.

Following the search, Mr. Pearson pleaded guilty to possession of methamphetamine with intent to distribute in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i) and was sentenced to eight to twelve years' imprisonment. Subsequently, Mr. Pearson filed a § 1983 complaint alleging the above facts and claiming violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. He seeks $1 million in

compensatory damages and $1 million in punitive damages. The district court found that all of Mr. Pearson's claims were not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed his complaint for failure to state a claim upon which relief can be granted. Mr. Pearson now appeals the dismissal of his complaint.

## II. DISCUSSION

On appeal, Mr. Pearson alleges the district court erred in dismissing his complaint pursuant to *Heck*. Primarily, Mr. Pearson claims that *Heck* does not apply to Fourth Amendment claims raised in a § 1983 complaint. Additionally, he asserts that his Fifth, Sixth, and Fourteenth Amendment claims are also not barred by *Heck*. To determine whether Mr. Pearson's complaint adequately states a claim, we must first determine what specific claims Mr. Pearson asserts. Construing Mr. Pearson's complaint liberally, as we must, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we find that he asserts that by compelling Mr. Pearson to take narcotic pain medicine which altered his state of mind and caused him to make incriminating statements and reveal twenty-one grams of methamphetamine in his home, the officers: (1) effectively compelled his confession in violation of his right to due process under the Fifth and Fourteenth Amendments; (2) unreasonably executed the search warrant in violation of his Fourth Amendment privilege to be free from unreasonable searches and seizures; (3) violated his Fifth Amendment right against self-incrimination; and (4) violated his Sixth Amendment right to counsel.

A.    Standard of Review

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) de

novo, applying the same legal standard to the complaint as the district court. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). In doing so, we accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Id.* Furthermore, we construe pro se complaints liberally, but we are mindful that it is not the proper function of a court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). An adequate complaint must include sufficient facts to state a facially plausible claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). This requires the complaint to state more than a merely speculative claim. *Id.*

B.      *Heck* Does not Preclude Mr. Pearson's Due Process and Fourth Amendment Claims

In *Heck v. Humphrey*, 512 U.S. 477, 485 (1994), the Supreme Court articulated that civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgements." Accordingly, the Court held that a claim for damages, which if decided in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence," is not cognizable under § 1983. *Id.* at 487. The Court recognized, however, that "the district court must consider whether a [civil] judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . [and if it would not], the action should be allowed to proceed in the absence of some other bar to the suit." *Id.*

Not every civil judgment will imply the invalidity of the underlying criminal conviction because "doctrines like independent source and inevitable discovery, and

especially harmless error" allow a court to recognize a constitutional violation while upholding the conviction itself as constitutional. *Id.* at 487 n.7 (citations omitted). For example, a claim for damages that would only invalidate one basis for a conviction is still cognizable under § 1983 as long as there are other independent grounds supporting the conviction. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 560 (10th Cir. 1999) (allowing a malicious prosecution claim to proceed "[b]ecause the failure of one basis for revoking probation would not invalidate the revocation as long as there are other grounds supporting the revocation").

Based on Mr. Pearson's complaint, we cannot say that a favorable finding on his due process and Fourth Amendment claims would necessarily imply the invalidity of his conviction. First, although the admissibility of a confession in a criminal case depends on whether the confession was voluntarily made, the admission of an involuntary confession or statement is subject to harmless error review. *Arizona v. Fulminante*, 499 U.S. 279, 302-03 (1991). Thus, the conviction may be constitutionally valid if there is sufficient evidence to support a conviction independent of the involuntary confession. *Id.* Second, even when a Fourth Amendment violation occurs during a search, evidence that is not obtained as a result of that violation is not necessarily suppressed.[1] *See New York v.*

_____

[1]The appellees seem to contend in their brief that the Fourth Amendment was not violated in this case because the officers were executing a valid search warrant. The Fourth Amendment, however, "provides individuals with security in their homes, and a search warrant, even one properly supported and properly issued, is not a license to breach that security with impunity." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997). Therefore, "[a]n officer's conduct in executing a search is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the

*Harris*, 495 U.S. 14, 19 (1990).

Accepting Mr. Pearson's factual allegations as true, the officers found 7.6 grams of methamphetamine, scales, and plastic bags prior to the alleged constitutional violations. Additionally, two witnesses had already stated that Mr. Pearson was selling methamphetamine. This evidence alone is likely sufficient to support his conviction, and under Wyoming state law, the length of Mr. Pearson's conviction did not depend on the amount of drugs discovered. *See* Wyo. Stat. Ann. § 35-7-1031 (providing a twenty-year maximum sentence for possession of methamphetamine with intent to distribute that is not based on the amount of drugs possessed). Because the evidence discovered independent of the alleged due process and Fourth Amendment violations would be sufficient to sustain Mr. Pearson's conviction, success on these claims in his § 1983 suit would not necessarily invalidate that conviction. We therefore hold that *Heck* does not bar Mr. Pearson's due process or Fourth Amendment claims.[2]

C.    Mr. Pearson's Self-Incrimination and Right to Counsel Arguments Fail to State a

Claim

1.    *Self-Incrimination*

---

moment of departure." *Id*. This means that "an officer is limited to conduct that is reasonably necessary to effectuate the warrant's purpose." *Id*. Thus, despite the existence of a valid warrant, the officers' conduct violated the Fourth Amendment if it was unreasonable.

[2]Importantly, we do not recognize a blanket Fourth Amendment exception to *Heck* as Mr. Pearson urges us to do; however, we do find that success on Mr. Pearson's Fourth Amendment claims in this § 1983 action would not necessarily invalidate his criminal conviction and are not barred by *Heck*.

The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "Although conduct by law enforcement officials prior to trial may ultimately impair [the privilege against self-incrimination], a constitutional violation occurs only at trial." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990). Furthermore, "[b]y entering a guilty plea a defendant waives constitutional rights that inhere in a criminal trial including . . . the protection against self-incrimination." *Florida v. Nixon*, 543 U.S. 175, 187 (2004).

Mr. Pearson pleaded guilty and never went to trial; therefore, while the officers' alleged conduct may have impaired his self-incrimination rights, a constitutional violation never occurred. Furthermore, by entering a guilty plea, Mr. Pearson waived the privilege against self-incrimination that applies in a criminal trial. Although the district court found that *Heck* barred Mr. Pearson's self-incrimination claim, we are free to affirm a district court on any basis of law adequately supported in the record. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Accordingly, we find that Mr. Pearson has failed to plead sufficient facts to state a plausible violation of his privilege against self-incrimination, and the district court properly dismissed this claim.

2.      *Right to Counsel*

The Sixth Amendment right to assistance of counsel "does not attach until a prosecution is commenced." *Rothgery v. Gillespie Co., Tex.*, 128 S.Ct. 2578, 2583 (2008). A prosecution does not commence until "'the initiation of adversary judicial

criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Id.* (quoting *United States v. Gouveia*, 467 U.S. 180, 188 (1984)). Mr. Pearson's complaint does not state that a prosecution had commenced at the time the officers allegedly violated his Sixth Amendment right to counsel. Therefore, the district court properly dismissed this claim.

D.    Mr. Pearson's Complaint Alleges a Compensable Injury Under § 1983

The government argues that notwithstanding the possible cognizability of Mr. Pearson's claims under *Heck*, Mr. Pearson's complaint was properly dismissed because the only injury that can be inferred from it is that the alleged unconstitutional acts of the officers led to his conviction and confinement. Indeed, the "injury" of being convicted and imprisoned is not compensable under § 1983. *Heck*, 512 U.S. at 487 n.7. Mr. Pearson's complaint, however, alleges that after the officers forced him to take the oxycontin in violation of his constitutional rights he became nauseated, sweated profusely, and felt that he was on the brink of an overdose. Such physical injuries are distinct from the "injury" of being convicted and imprisoned and are compensable under § 1983. Therefore, we cannot affirm the dismissal of Mr. Pearson's complaint on these grounds.

### III.  CONCLUSION

Success on Mr. Pearson's due process and unreasonable search claims would not necessarily invalidate his conviction; therefore, those claims are not barred by *Heck*. Mr. Pearson's complaint, however, fails to state plausible violations of his privilege against

self-incrimination and his Sixth Amendment right to counsel. Accordingly, we REVERSE the district court's dismissal of Mr. Pearson's due process and unreasonable search claims and AFFIRM the district court's dismissal of his other claims. Additionally, we DENY Mr. Pearson's motion to supplement the record because the supplemental exhibits were not considered by the district court in making its ruling. Finally, we GRANT Mr. Pearson's motion to pay the fee for this appeal in partial payments, but remind him that he is obligated to continue making payments until the entire fee is paid.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge