**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RAY NUNN,

     Plaintiff - Appellant,

v.

JAMES RELICH, Lt., JEREMIAH
HANSEN; ARCHULETA, Warden of
Fremont Correctional Facility; JOHN
DOES,

     Defendants - Appellees.

No. 15-1483
(D.C. No. 1:15-CV-02166-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

    Ray Nunn appeals from the district court's dismissal of his complaint as time-barred under 28 U.S.C. § 1915(e)(2)(B)(ii). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. **BACKGROUND**

On September 30, 2015, Mr. Nunn, a Colorado state prisoner, filed a pro se complaint against prison officials at the Fremont Correctional Facility, where he was being held.[1]  Mr. Nunn alleged that on July 11, 2013, Officers James Relich and Jeremiah Hansen confiscated his personal property.  He sued under § 1983, alleging equal protection and due process violations.

On October 7, 2015, a magistrate judge determined Mr. Nunn's § 1983 claims were time-barred and ordered Mr. Nunn to show cause within 30 days why his complaint should not be dismissed.[2]

On November 17, 2015 the district court held Mr. Nunn's claims were time-barred and dismissed his complaint with prejudice.

That same day, in response to the magistrate judge's October 7, 2015 order to show cause, Mr. Nunn filed a proposed amended complaint.

## II. **DISCUSSION**

On appeal, Mr. Nunn argues he did not receive the magistrate judge's order until October 12, 2015, and that he responded within 30 days on November 11, 2015.

---

[1] Mr. Nunn signed the complaint on September 23, 2015, which does not affect our analysis regarding the statute of limitations.

[2] The magistrate judge also recommended that the complaint be dismissed because Mr. Nunn's claims were insufficiently pled.  We need not consider whether Mr. Nunn's complaint failed to state a claim because the statute of limitations disposes of this claim.

We affirm because 1) Mr. Nunn's complaint was time-barred, and 2) even if we consider his proposed amended complaint in response to the magistrate judge's order, he failed to show there or on appeal why his complaint should not be considered time-barred.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A district court may dismiss a pro se complaint for failure to state a claim under 28 U.S.C. § 1915 when 1) "it is obvious that the plaintiff cannot prevail on the facts he has alleged" and 2) "it would be futile to give him an opportunity to amend." *Id.* (quotations omitted). "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Id.* Under this standard, "[i]f the allegations [in the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted).

Colorado law establishes the relevant two-year statute of limitations for Mr. Nunn's § 1983 claims. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) ("State statutes of limitations applicable to general personal injury

claims supply the limitations periods for § 1983 claims."); Colo. Rev. Stat. § 13-80-102 (two-year statute of limitations). The incident giving rise to Mr. Nunn's complaint occurred in July 2013, more than two years before he filed his complaint in September 2015. Even if we consider Mr. Nunn's amended complaint filed in response to the magistrate judge's order to show cause, he provided no reason why the complaint should not be considered time-barred. He similarly fails to show on appeal why his complaint was not time-barred.

## III. CONCLUSION

We affirm. We also deny Mr. Nunn's request to proceed *in forma pauperis*; he is therefore responsible for immediate payment of the unpaid balance of his appellate filing fee.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge