**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BOBBY JOE SMITH, II,

     Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; GARY
BROWN, Assistant District Attorney;
JOHN WALTON, Assistant District
Attorney,

     Defendants - Appellees.

No. 17-6081
(D.C. No. 5:17-CV-00065-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Bobby Smith, a state prisoner appearing pro se, appeals the dismissal of his

42 U.S.C. § 1983 suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Following convictions in Oklahoma state court, Smith filed a § 1983 complaint

against the State of Oklahoma and two Assistant District Attorneys. The complaint

asserts a series of misconduct claims stemming from the defendants' involvement in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Smith's criminal cases and their purported conspiracy to have him falsely convicted. The district court dismissed Smith's claims as barred by the Eleventh Amendment and Heck v. Humphrey, 512 U.S. 477 (1994).

On appeal, Smith continues to assert claims premised on the misconduct of defendants and other individuals involved in his criminal proceedings. However, he has not raised any coherent claim of error by the district court, and our independent review reveals none. Oklahoma has not consented to be sued in federal court, see Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' Eleventh Amendment sovereign immunity, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Further, all of Smith's claims rest on allegations of misconduct intended to undermine his criminal convictions. Success on these claims "would necessarily imply the invalidity of [his] conviction[s]" and cannot proceed until the convictions have been overturned. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557, 558 n.3 (10th Cir. 1999); see also Heck, 512 U.S. at 486-87.

**AFFIRMED**. Because Smith has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

2