**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KERRY COHEE RICHARDSON,

  Plaintiff - Appellant,

v.

NOLAN PHILPOTT; CHRISTOPHER
ROCHELL; MUSKOGEE POLICE
DEPARTMENT,

  Defendants - Appellees.

No. 23-7053
(D.C. No. 6:22-CV-00335-RAW-DES)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Kerry Richardson, an Oklahoma state prisoner proceeding pro se,[1] appeals the

district court's dismissal of his 42 U.S.C. § 1983 action.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Richardson represents himself, we construe his filings liberally. _See Hall v. Bellmon_, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I. BACKGROUND[2]

Mr. Richardson alleged that on October 28, 2020, his family called 911 based on concerns for his mental health—at the time, he was an "active client of Green Country Behavioral Health Services, Inc." for diagnosed posttraumatic stress disorder. R. at 11. Muskogee Police Officers Nolan Philpott and Christopher Rochell responded to the call. The officers initiated their interaction with Mr. Richardson by searching him and punching him on his front porch. Mr. Richardson's mother screamed for the officers to stop and told them that he needed mental health attention, but Officers Philpott and Rochell continued punching Mr. Richardson, kneed him, twisted his arms, and said that he was going to jail. They then dragged him to their patrol car.

Mr. Richardson further alleged that when he asked Officers Philpott and Rochell what he had done, they responded by punching him and forcibly pushing him into their patrol car. After leaving him in the car for about thirty minutes, they drove him to the jail. When they arrived at the jail, a jail nurse told Officers Philpott and Rochell to take Mr. Richardson to the hospital. At the hospital, a catheter was forced into Mr. Richardson's penis, and he did "not receiv[e] proper attention" from the hospital staff. *Id.* at 10. He sustained injuries to his head, neck, back, shoulder, collarbone,

---

[2] The following facts are taken from the well-pleaded allegations in Mr. Richardson's complaint. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) ("In ruling on a motion to dismiss for failure to state a claim, all well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." (brackets and internal quotation marks omitted)).

and private area.  Mr. Richardson ultimately alleged that he is "still seeing doctors right now for mental and physical injuries."  *Id.*

On November 21, 2022, Mr. Richardson sued the Muskogee Police Department (MPD) and Officers Philpott and Rochell.  His complaint charged that Officers Philpott and Rochell violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

The MPD moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and, in a separate motion, Officers Philpott and Rochell did the same.  On July 17, 2023, reasoning that the applicable statute of limitations barred Mr. Richardson's complaint and that the MPD was not a suable entity, the district court granted both motions and entered judgment against Mr. Richardson.  Mr. Richardson now appeals the dismissal of his § 1983 claims.[3]

## II.  DISCUSSION

We review de novo a dismissal for failure to state a claim under Rule 12(b)(6).  *Brokers' Choice*, 861 F.3d at 1104.  Under this standard, we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff.  *Id.* at 1105.  "To survive a motion to dismiss, a complaint must contain

---

[3] Mr. Richardson filed a "Notice of Appeal to Opinion and Order" with the district court on July 26, 2023.  The following day, because he did not sign that document, we ordered him to file a signed notice of appeal by August 25.  Mr. Richardson did not file a signed notice of appeal, but we construe his August 11 "Memorandum of Disclosure" as the functional equivalent of a notice of appeal under Federal Rule of Appellate Procedure 3(c).  *See Fleming v. Evans*, 481 F.3d 1249, 1253–54 (10th Cir. 2007).

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

We likewise "review de novo a district court's ruling regarding the applicability of a statute of limitations." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted). "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, . . . but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999) (internal citations omitted).

Oklahoma's statute of limitations for general personal injury claims is two years. *See* Okla. Stat. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013). Regarding the time of accrual, our precedent instructs that "[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (internal quotation marks omitted). Moreover, § 1983 claims arising from police actions "are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

The incidents giving rise to Mr. Richardson's § 1983 claims occurred on October 28, 2020. The district court determined that the limitations period on

4

Mr. Richardson's claims accrued that day, and Mr. Richardson has not argued that we should conclude otherwise. Relatedly, because Oklahoma's two-year statute of limitations applies, the district court was correct that Mr. Richardson needed to file his § 1983 action by October 28, 2022.

Mr. Richardson filed his complaint on November 21, 2022, over three weeks past the deadline. He does not offer a basis for tolling the statute of limitations, so dismissal of his § 1983 action was appropriate. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a [Rule] 12(b) motion." (internal citations omitted)).

Finally, because Mr. Richardson's argument that the district court should not have dismissed his complaint without first examining the officers' bodycam footage is unsupported, we decline to consider it. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) ("[P]erfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." (internal quotation marks omitted)).

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Richard E.N. Federico
Circuit Judge