**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES E. STEVENSON, JR.,

      Plaintiff-Appellant,

v.

KEN GRACE, Carter County Sheriff;
SHANNON DAVIS, Deputy,

      Defendants-Appellees,

   and

D. ENGLISH, Deputy,

      Defendant.

No. 09-7000
(D.C. No. 6:08-CV-00264-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James E. Stevenson, Jr., appeals pro se from a district court order that dismissed his civil-rights complaint as time barred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Mr. Stevenson filed his 42 U.S.C. § 1983 complaint pro se on June 11, 2008. He alleged that he was falsely arrested and beaten by deputies of the Carter County, Oklahoma, Sheriff's Office on March 5, 2006, as he exited a bar. Documents attached to, and cited in, the complaint revealed that Mr. Stevenson posted bond and was released within hours of his arrest.

Two of the defendants moved to dismiss the complaint, arguing that the two-year statute of limitations had expired before the complaint was filed. For reasons not apparent in the record, Mr. Stevenson did not respond.[1] A month after the motion to dismiss was filed, the district court dismissed Mr. Stevenson's complaint as time barred as to all of the defendants.

Mr. Stevenson appeals.

## DISCUSSION

Ordinarily, we review a district court's dismissal on statute-of-limitations grounds de novo. *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998). But since Mr. Stevenson did not raise any arguments in the district court, our

---

[1] Mr. Stevenson does not contend that he was not served with a copy of the motion.

-2-

review is only for plain error.  *See Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993).  "To show plain error, Mr. [Stevenson] would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (quotation omitted).  In any event, we construe his pro se pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A § 1983 claim arising in Oklahoma is subject to a two-year statute of limitations.  *See Meade v. Grubbs*, 841 F.2d 1512, 1522, 1524 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(3).  And "[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated."  *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (quotation omitted).  Specifically, a Fourth Amendment claim for false arrest/false imprisonment accrues when the victim is released from custody or when the victim is bound over on charges, whichever occurs first.  *See Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008); *see also Wallace v. Kato*, 549 U.S. 384, 389-90 (2007).  "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest."  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *accord Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (per curiam).

Here, Mr. Stevenson's § 1983 claims accrued on March 5, 2006, when he was arrested by sheriff's deputies and released on bond. But he did not sue within two years of that date. Instead, he waited until June 11, 2008, to file his complaint.

Mr. Stevenson advances two arguments against the dismissal of his lawsuit. First, he argues that the district court should have given him an opportunity to prove his false-arrest and excessive-force allegations prior to dismissal. But because it was clear from the documents attached to, and cited in, the complaint that Mr. Stevenson's arrest and release on bond occurred more than two years before he filed the complaint, the district court was justified in dismissing it without considering any evidence that may have supported Mr. Stevenson's allegations. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (observing that "[t]he theory [underlying statutes of limitations] is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them") (quotation omitted).

Second, Mr. Stevenson argues that the statute of limitations was tolled while he was under a doctor's care for his injuries. Tolling is a matter of state law. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Oklahoma recognizes tolling when the injured party is under a legal disability, such as infancy or mental incapacity. *See* Okla. Stat. tit. 12, § 96. Tolling is also

appropriate when the "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights," or when there are "exceptional circumstances [that] justify tolling a statute of limitations." *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations omitted). The documents before this court indicate that when Mr. Stevenson was examined by a neurologist within the limitations period his "[m]ental [s]tatus [wa]s completely normal." Aplt. Reply to Mot. to Dismiss Appeal at 3. And while he suffers from "[s]pastic left hemiparesis,"[2] *id.*, he does not explain how this condition constitutes an exceptional circumstance that prevented him from timely filing his lawsuit. In short, we see no grounds that would toll the two-year statute of limitations.

---

[2]     Muscle spasms and weakness on one side of the body. *See* Stedman's Medical Dictionary 800, 1662 (27th ed. 2000).

## CONCLUSION

Because the district court did not commit error, let alone plain error, in dismissing Mr. Stevenson's lawsuit as time barred, we AFFIRM the district court's judgment. Mr. Stevenson's motion for leave to proceed on appeal in forma pauperis is GRANTED. *See* 28 U.S.C. § 1915. Appellees' motion to dismiss this appeal for Mr. Stevenson's failure to pay filing fees and to timely file the opening brief is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge