FILED
United States Court of Appeals
Tenth Circuit

March 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT THOMAS JOHNSON,

Defendant-Appellant.

No. 09-3349
(D.C. No. 5:08-CR-40010-RDR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Robert Thomas Johnson pleaded guilty, pursuant to a plea agreement, to

possession with intent to distribute methamphetamine in violation of 21 U.S.C.

§ 841(a)(1). The district court sentenced him to thirty-eight months'

imprisonment. Mr. Johnson appealed, despite the fact that his plea agreement

contained an appeal waiver. The government has moved to enforce that waiver

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

*Hahn* provides for enforcement of an appeal waiver when (1) the appeal is within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. *Id.* at 1325. Mr. Johnson argues that he did not knowingly and voluntarily enter into the plea agreement because the government failed to timely disclose impeachment evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). In particular, he contends that the government withheld information regarding the credibility and qualifications of an arresting officer and that this withholding of information prevented him from knowingly and voluntarily making a plea.[1]

In considering whether Mr. Johnson knowingly and voluntarily waived his appellate rights, *Hahn* instructs that we look primarily at the language of the plea agreement and at the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *See Hahn*, 359 F.3d at 1325. Mr. Johnson bears the burden of showing that his plea was not knowing and voluntary. *Id.* at 1329.

---

[1]     We need not address the factors that Mr. Johnson does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

The language of the plea agreement demonstrates that the waiver of appellate rights was knowing and voluntary. The plea agreement stated that Mr. Johnson "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with this prosecution, [his] conviction, or the components of the sentence to be imposed." Plea Agreement at 9. Additionally, he "acknowledge[d] that he ha[d] read the plea agreement, underst[oo]d it and agree[d] it [was] true and accurate and not the result of any threats, duress or coercion." *Id.* at 12. Finally, he "acknowledge[d] that [he was] entering into this agreement and [was] pleading guilty because [he] is guilty and [was] doing so freely and voluntarily." *Id.*

Likewise, the Rule 11 plea colloquy, held after Mr. Johnson signed the plea agreement, supports a conclusion that the waiver was knowing and voluntary. During the colloquy, Mr. Johnson stated that the plea agreement represented his understanding of the agreement he had with the government. He affirmed that he understood his right to plead not guilty and that if he pleaded not guilty, he would have the right to a jury trial and all of the rights a jury trial entailed, including a right to cross examine witnesses. And he agreed that his plea was made freely and voluntarily based on his guilt and that he fully understood the consequences of the plea.

Despite these representations of a knowing and voluntary plea in the plea agreement and at the plea colloquy, Mr. Johnson asserts that his plea was not

-3-

knowing and voluntary because he did not know that he was giving up a claim that the government failed to disclose impeachment evidence. The Supreme Court, however, foreclosed this exact argument in *United States v. Ruiz*, 536 U.S. 622, 625, 629, 633 (2002), by holding that the government has no constitutional obligation to disclose impeachment information before a defendant enters into a plea agreement. *Ruiz* emphasized that "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*." *Id.* at 629. Rather, "a waiver [is] knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances–even though the defendant may not know the *specific detailed* consequences of invoking it." *Id.* Mr. Johnson understood that he was giving up his right to cross examine government witnesses. He therefore generally knew what he was giving up, and his appeal waiver was not unknowing or involuntary. *See Hahn*, 359 F.3d at 1326-27.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS this appeal. Mr. Johnson's motion to file a pro se response to the motion to enforce is GRANTED.

ENTERED FOR THE COURT
PER CURIAM

-4-