FILED
United States Court of Appeals
Tenth Circuit

February 9, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

ROBERT THOMAS JOHNSON, SR.,

Plaintiff-Appellant,

v.

POTTAWOTOMIE TRIBAL POLICE
DEPARTMENT, CHIEF SCOTT,
CHIEF BOSWELL, and JOHN
HURLA, K-9 Officer,

Defendants-Appellees.

No. 10-3242

(D. of Kan.)

(D.C. No. 5:10-CV-03104-SAC)

ORDER AND JUDGMENT*

Before **HARTZ, BRORBY**, and **TYMKOVICH**, Circuit Judges.**

Robert Johnson, a federal prisoner appearing pro se, appeals the dismissal

of his claims brought under 42 U.S.C. § 1983. The district court dismissed

Johnson's complaint under 28 U.S.C. § 1915A as frivolous and for failure to state

a claim under § 1983. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

* This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I.  Background

Johnson's § 1983 claims arise from incidents that occurred in August 2007 after he left the parking lot of the Prairie Band Casino and Resort, located in Kansas.  While Johnson's car was parked in the casino parking lot, Defendant John Hurla—then a K-9 officer in the Pottawotomie[1] Tribal Police Department (PTPD)—deployed a drug dog to Johnson's vehicle and the dog indicated the presence of illegal narcotics.  Based on the probable cause arising from the drug dog's deployment, Johnson was stopped, his vehicle was searched, and he was arrested.  Other officers assisted with the drug-dog deployment, Johnson's arrest, and the search of his vehicle.  Illegal drugs and drug paraphernalia were found in Johnson's vehicle.

Johnson was charged under tribal law for possession of narcotics, but in February 2008, Kansas dismissed the charges.  In March 2008, the United States unsealed an indictment against Johnson, charging him with violating 21 U.S.C. § 841.  After two suppression hearings and shortly before his trial, Johnson

---

[1]  From our review of the record, it appears three variations of "Pottawotomie" have been used in this case.  Johnson—in his complaint—and the district court—on its docket—use "Pottawotomic."  *See* R., Vol. I at 1, 10.  The district court—in its show-cause order and order dismissing Johnson's complaint—uses "Pottawotomie."  *See* R., Vol. I at 98, 127.  The tribal nation and the Prairie Band Tribal Police use "Potawatomi."  *See* R., Vol. I at 61, 64.  In this opinion, we assume all three spellings refer to the same entity and will refer to the tribe using the spelling in the district court's order, "Pottawotomie."

entered into a plea agreement, pleaded guilty, and was sentenced to thirty-eight months' imprisonment.

Johnson brought this § 1983 suit against the PTPD and PTPD employees Chief Scott, Chief Boswell, and Hurla, alleging that certain actions committed by the PTPD and Hurla before and during Johnson's stop, search, and arrest deprived Johnson of his constitutional and civil rights. His claims rested on allegations that the PTPD improperly hired and employed Hurla as a K-9 officer and a dispatcher because Hurla was ineligible as a matter of Kansas state law for certification as a law enforcement officer.

In October 2001, when Hurla was hired by the PTPD, he was subject to a two-year diversion agreement—which he disclosed on his employment application—related to charges from 1999 of burglary and felony theft. From May 2007 through April 2009, Hurla was a K-9 officer with the PTPD and at other times he was a dispatcher and an officer. In June 2009, the Kansas Commission on Peace Officers Standards and Training issued a final order retroactively revoking Hurla's law enforcement officer certification. While the Commission noted Hurla's exemplary performance, Kansas state law provides that individuals who were diverted from felony crimes after July 1995 are ineligible to serve as law enforcement officers. *See* KAN. STAT. ANN. § 74-5605(a)(3).

In his § 1983 complaint, Johnson contended (1) Hurla lacked legal authority and jurisdiction to perform the drug-dog deployment that provided probable cause for Johnson's stop, search, and arrest; (2) the defendants conspired to suppress exculpatory information regarding Hurla's ineligibility and Johnson only discovered this "new evidence" in February 2010; (3) defendants provided false, fraudulent, and misleading evidence to the federal grand jury and district court; and (4) defendants Scott and Boswell committed outrageous misconduct, misused positions of public trust, obstructed the legal process, and used their position to conceal illegal acts and misconduct when knowingly hiring a felon (Hurla), continuing to employ Hurla after the revocation of his certification, and improperly permitting Hurla to access police records, weapons, and other items only available to the police.

Because Johnson was a prisoner seeking redress from a governmental entity and governmental officers or employees, the district court screened his complaint under 28 U.S.C. § 1915A to determine if any portion was frivolous, failed to state a claim upon which relief may be granted, or sought relief from a defendant immune from such relief. The district court determined Johnson's complaint was subject to dismissal because (1) the claims relating to his criminal conviction may only be raised in a habeas corpus petition; (2) the claims for money damages based on federal law were barred either by *Heck v. Humphrey*, 512 U.S. 477 (1994) or the applicable statute of limitations; and (3) the other claims did not

allege facts demonstrating a violation of § 1983 and, at most, amounted to violations of Kansas state law. Rather than immediately dismissing the complaint, the court gave Johnson thirty days to show cause why it should not be dismissed. Johnson submitted a reply, and the court dismissed the complaint under § 1915A as frivolous and for failing to state a claim under § 1983.

On appeal, Johnson makes several arguments (1) defendants fraudulently concealed evidence of Hurla's prior felony record and the revocation of his law enforcement certificate; (2) the claims the district court found were not premature under *Heck* are not time-barred because Johnson's § 1983 complaint was filed within two years of his discovery of the revocation of Hurla's law enforcement certificate; (3) Johnson has standing to pursue claims against the defendants for their illegal practices regarding Hurla's hiring and employment; (4) probable cause for Johnson's arrest was unlawfully established and his arrest, search, and seizure were illegal because Hurla, at the time, was ineligible under Kansas law to be a law enforcement officer and, later, had his law enforcement certificate retroactively revoked; and (5) Johnson's § 1983 claims for damages relating to Kansas's decision to charge him with state law offenses, but ultimately not prosecute, should not be barred by *Heck*.

## II. Discussion

Johnson is proceeding pro se, and thus we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). After a careful review

-5-

of the record, we find the district court correctly dismissed Johnson's complaint under 28 U.S.C. § 1915A because the complaint was frivolous and failed to state a claim under § 1983 upon which relief may be granted.

A.  Claims Barred by *Heck*

After careful consideration, we find all of Johnson's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because each necessarily implies the invalidity of Johnson's sentence.

Under *Heck*, a plaintiff cannot assert a § 1983 claim that, if successful, would necessarily imply the invalidity of a previous conviction or sentence, unless the plaintiff can demonstrate favorable termination of the prior conviction or sentence.  *Id*. at 487.  As the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87.  The purpose behind Heck is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."  *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).

Underlying all of Johnson's claims is the allegation that he was subject to an illegal arrest and search without probable cause because Hurla was not

-6-

qualified to be a law enforcement officer under Kansas state law. Johnson argues

that, since Hurla's law enforcement certificate was retroactively revoked, "any

actions he undertook [as a K-9 officer] were not only illegal, but were also

unconstitutional." Aplt's Br. at 4. Johnson's argument, assuming it were true,

would necessarily imply the invalidity of his sentence because it would have been

based upon evidence gathered during an illegal arrest and thus would have to be

suppressed. *See United States v. Jarvi*, 537 F.3d 1256, 1260 (10th Cir. 2008).[2]

Johnson's claim is precisely the type that *Heck* mandates should be pursued

through a petition for habeas corpus and not a § 1983 complaint.

An aspect of each of Johnson's specific claims necessarily implies the

invalidity of his sentence. Johnson's first two claims relate to the purported "new

evidence" regarding the revocation of Hurla's law enforcement certificate that

Johnson acquired after his plea. He asks us to consider the information as

evidence the defendants concealed Hurla's illegal appointment as a law

enforcement officer and gave false and misleading testimony at Johnson's

suppression hearing. But a claim of newly discovered evidence, and of false and

misleading testimony at a suppression hearing, is a direct challenge to Johnson's

---

[2] When a search is unlawful only because it violates state law, the fruit of the search need not be suppressed. *See United States v. Mendoza*, 468 F.3d 1256, 1260 (10th Cir. 2006). But Johnson is contending that the officers' actions not only violated state law but also the federal Constitution.

sentence, which is barred by *Heck*.[3]  Additionally, Johnson's claim the evidence was fraudulently concealed is belied by the appendix to Johnson's memorandum of law supporting his § 1983 complaint, in which he includes a letter demonstrating he obtained this "new evidence" through an open records request. R., Vol. I at 67.  That is, this information was publicly available and not hidden by the defendants.  Johnson also contends he discovered this new evidence on February 10, 2010.  But this is the date Johnson *received* the response to his open records request, not when the facts were available for discovery.

In his third claim, Johnson asserts he has standing to bring a § 1983 claim against the defendants based upon PTPD's hiring and continued employment of Hurla despite his ineligibility to serve as a law enforcement officer.  This claim fails for two reasons.  First, it relies upon the "new evidence" discussed above regarding Hurla's hiring and certification as a law enforcement officer.  Second, to have standing to bring this claim, Johnson must demonstrate injury related to the defendants' actions.  Johnson alleges the defendants' deliberate indifference and gross negligence regarding Hurla's employment caused his injury—"the deprivation of [Johnson's] civil rights"—because "any actions taken on behalf of the public by Mr. Hurla will violate . . . constitutional rights and liberties." Aplt's Br. at 11.  Setting aside whether Hurla's employment itself violates a

---

[3] In his § 1983 complaint, Johnson states his claim "is the direct result of newly discovered evidence . . . ."  R., Vol. I at 8.

citizen's constitutional rights, the personalized injury alleged by Johnson relates to his arrest, search, and seizure by Hurla. However, to recognize this injury—that the arrest, search, and seizure violated Johnson's constitutional rights—would necessarily imply the invalidity of Hurla's sentence. Thus Johnson's third claim is also barred under *Heck*.

Johnson's fourth claim is clearly barred by *Heck* because he contends the probable cause for his arrest, search, and seizure was unlawfully established. He asserts Hurla was not qualified as a K-9 officer to use a drug dog to determine probable cause, and therefore his arrest, search, and seizure were unreasonable. As such, the allegations of Hurla's illegal activity necessarily imply Johnson's sentence is invalid, and the claim is barred under *Heck*.[4]

Johnson's final claim is for money damages based upon economic and other costs related to his incarceration on the Kansas state drug charges, which were ultimately dismissed by the state. He asserts these charges were favorably terminated and thus his claim should not be barred by *Heck*. However, Johnson contends, "[t]hese hardships were caused by the illegal arrest without probable cause by the defendants." Aplt's Br. at 15. To succeed on this claim, the arrest—which led to the federal drug charges and sentence in this case—would

---

[4] We have previously acknowledged some claims of illegal search and seizure are not automatically barred by *Heck* if "ultimate success on them would not necessarily question the validity of a conviction." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999). However, that is not true of Johnson's claims.

have to be illegal. This determination would necessarily imply the invalidity of his sentence based on the federal drug charges and therefore the claim is barred by *Heck*.

Generally, a federal prisoner, through a habeas corpus petition under 28 U.S.C. § 2255, may bring many of the same claims Johnson asserts in his § 1983 complaint. But Johnson waived his right to challenge his sentence through a habeas corpus petition in a knowing and voluntary plea agreement. *See United States v. Johnson*, 369 F. App'x 905, 907 (10th Cir. 2010) (finding on direct appeal that Johnson's appeal wavier "was not unknowing or involuntary").[5] This case is not an instance where a plaintiff lacks an available habeas remedy and therefore may pursue his claims through a § 1983 suit. *See Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) ("a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim."). Johnson is attempting to seek relief through a § 1983 complaint as an end-run around the appeal waiver in his plea agreement. Under *Heck*, Johnson cannot seek relief for his claims under § 1983, so his complaint was properly dismissed.

---

[5] Even despite the waiver, Johnson filed a direct appeal as well as a habeas petition, both of which were unsuccessful.

-10-

B.  Other § 1983 Claims

Without identifying the specific claims, the district court held some of Johnson's claims were not premature under *Heck*.[6]  To the extent these claims do not imply the invalidity of his sentence and are not barred by *Heck*, we agree with the district court that Johnson fails to demonstrate standing to assert the claims, the claims are barred by the statute of limitations, or they otherwise fail to state a claim upon which relief may be granted under § 1983.  Johnson does not allege an injury other than the illegal arrest and search—which, as discussed above, makes his claim improper under *Heck*—and therefore he has not demonstrated standing for his claim against the defendants based upon their hiring and employment of Hurla.  Additionally, Johnson makes no specific allegations as to how the defendants allegedly concealed information regarding Hurla and thus has not shown why his § 1983 should accrue any later than the date of his stop, search,

---

[6]  It is unclear which of Johnson's claims in his § 1983 complaint the district court believed did not imply the invalidity of his conviction.  In his complaint, Johnson made three explicit claims for relief: (1) Hurla lacked the legal authority and jurisdiction to perform the drug-dog deployment that supported probable cause for his stop, search, and seizure; (2) defendants conspired to suppress exculpatory evidence regarding Hurla's ineligibility; and (3) defendants committed fraud and obstructed the legal process, which led to Johnson's illegal arrest and incarceration and resulted in a failure to supervise, abuse of process, and obstruction of justice.  Success on any of these claims—lack of probable cause, suppression of evidence, or fraud and obstruction leading to an illegal arrest—would imply the invalidity of Johnson's conviction. The district court, however, identified facts in Johnson's allegations that it considered to be an implicit fourth claim relating to the hiring and continued employment of Hurla despite his ineligibility.

and arrest.  *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553 (10th Cir. 1999).  Since he did not file his complaint within the two-year statute of limitations, any remaining claims are time-barred.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (statute of limitations applicable to § 1983 actions is what state law provides for personal injury torts); KAN. STAT. ANN. § 60-513(a)(4) (two-year statute of limitations for personal injury torts).

Finally, Johnson's allegations center on violations of Kansas state law regarding the hiring and employment of law enforcement officers.  While these allegations could support a claim under Kansas state law—a matter upon which we express no opinion—Johnson has alleged no constitutional violation under § 1983 upon which relief may be granted.  *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) ("§ 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law.") (quotations omitted).  State law determinations do not control whether probable cause for an arrest exists under the Fourth Amendment.  *See United States v. Turner*, 553 F.3d 1337, 1346 (10th Cir. 2009) ("[I]f officers have probable cause to believe that a crime has been committed in their presence, they may arrest and search incident to that arrest without violating the Fourth Amendment, even if such police action is not authorized by state law.") (citing *Virginia v. Moore*, 553 U.S. 164, 178 (2008)).  Johnson has made no showing—other than his claims

regarding Hurla's certification under Kansas state law—that the police lacked probable cause for his arrest and thus has failed to state a claim under § 1983.

### III. Conclusion

For the foregoing reasons, we AFFIRM the dismissal of Johnson's complaint. We DENY Johnson's motion to supplement the record on appeal, and we DENY Johnson's motion to abate case.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge