**UNITED STATES COURT OF APPEALS**    **March 29, 2011**

**TENTH CIRCUIT**    **Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ROBERT THOMAS JOHNSON,

      Defendant–Appellant.

No. 10-3339
(D.C. Nos. 5:10-CV-04109-RDR &
5:08-CR-40010-RDR-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Robert Thomas Johnson, a federal prisoner proceeding pro se, makes a timely[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Johnson had sixty days from the entry of the order denying his § 2255 petition to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). Johnson's time to file a notice of appeal therefore expired on December 14, 2010, but he did not mail his notice of appeal until December 26. See Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (under prison mailbox rule, documents are deemed filed when inmate gives them to prison officials for mailing). Johnson did, however, file a motion for reconsideration within the time to appeal. And that motion was provided to prison officials for mailing less than twenty-eight days after entry of the order denying the § 2255 petition. Consequently, the motion is construed as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment, see Ysais v. Richardson, 603 F.3d 1175, 1178 nn.2, 3 (10th Cir. 2010), which tolls the time to

Continued . . .

application for a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. We deny his application for COA.

## I

Johnson was charged with possession of methamphetamine with intent to distribute after his arrest by Potawatomi Tribal Police officers. According to the government's pretrial allegations, Officer John Hurla was patrolling a parking lot outside the Prairie Band Casino resort, on the Potawatomi Reservation, when the drug dog accompanying Hurla alerted on Johnson's vehicle. Another officer followed Johnson after he left the casino, stopped him, and searched his truck with Hurla. The officers found at least 104.3 grams of a mixture containing methamphetamine.

Appearing pro se, Johnson pled guilty before trial. His direct appeal to this court was dismissed based on an appeal waiver in his plea agreement. See United States v. Johnson, 369 F. App'x 905, 907 (10th Cir. 2010) (unpublished). Johnson then filed a motion to vacate his sentence under § 2255, which the district court denied. The district court also denied Johnson's "motion to reconsider," and declined to grant a COA. Johnson now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(A). To obtain a COA, Johnson must demonstrate "that reasonable

file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(iv).

jurists could debate whether (or, for that matter, agree that) the [§ 2255] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Johnson's arguments before the district court all related to information he discovered about Hurla's decertification as a Kansas law enforcement officer. As Johnson was preparing for trial, he found out that Hurla had a prior felony arrest. Individuals convicted of a felony, and, in certain situations, individuals placed on diversion after a felony arrest, may not be certified as Kansas police officers. See Kan. Stat. 74-5605. Johnson also discovered Hurla was no longer serving as a K-9 unit officer, and had been reassigned to the dispatch desk. Johnson therefore questioned Hurla about the reassignment at a pretrial hearing. Hurla responded he "had some personal issues that came up" which had "[n]othing at all to do with this case."

After pleading guilty, Johnson continued to pursue the matter of Hurla's felony arrest. He filed an open records request, which revealed that Hurla had in fact entered into a diversion agreement after a felony arrest in 1999, and accordingly had his law enforcement certification revoked.[2]

Construing Johnson's pleadings liberally, see Cummings v. Evans, 161 F.3d 610,

---

[2] Hurla's certification was revoked summarily on April 29, 2009, before Hurla testified and before Johnson's guilty plea, but was not finally revoked until June 24, 2009.

613 (10th Cir. 1998), we distill several arguments regarding the consequences of Hurla's

invalid certification and subsequent decertification. Johnson contends that, because

Hurla was not eligible to be a police officer, he was not authorized to arrest Johnson, and

therefore the grand jury's indictment (which relied on Hurla's testimony) was not

supported by probable cause. Johnson also accuses Hurla of offering "perjured

testimony." He therefore claims Hurla's participation in his arrest and his pretrial

proceedings violated his constitutional rights to due process, equal protection,

confrontation of witnesses against him, and compulsory process. Finally, he claims

ineffective assistance of counsel.

Johnson's problem is that he pled guilty before going to trial. As the Supreme

Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant has solemnly
> admitted in open court that he is in fact guilty of the offense with which he
> is charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, "[b]y entering a voluntary

plea of guilty, [Johnson] waived all nonjurisdictional defenses." United States v. Davis,

900 F.2d 1524, 1526 (10th Cir. 1990) (footnote and citation omitted).

Tollett provides Johnson with one possible avenue to challenge his guilty plea:

although "claims of prior constitutional deprivation . . . are not themselves independent

grounds for federal collateral relief," they "may play a part in evaluating the advice

- 4 -

rendered by counsel." 411 U.S. at 267. Johnson "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was "not within the range of competence demanded of attorneys in criminal cases." Id. at 266-67 (quotation omitted). But such an argument is foreclosed in this case, because Johnson was representing himself at the time he entered his guilty plea. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

### III

Johnson's application for a COA is **DENIED**. Appellant's motion to supplement the record is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge